Dear Dr. Kyle:
You have requested an opinion of the Attorney General regarding the payment of insurance premiums on behalf of state employees on leave without pay (LWOP) status. You have asked that some of your questions be examined within the context of the Family Medical Leave Act of 1993, 29 USCA Sec. 2601, et seq. (FMLA).
Your first question is whether there is any legal authority for an employer to pay both the employer's and employee's share of health insurance premiums for an employee on LWOP status in a non-FMLA situation (i.e., where leave balances have been exhausted).
In answer to your question, we refer you to Article VII, Section14(A) and (B) of the Louisiana Constitution of 1974. Paragraph (A) generally prohibits the loan, pledge or donation of public funds, credit or property to any person, association or corporation, public or private. However, Paragraph (B)(2) provides an exception to this prohibition:
 (B) Authorized Uses. Nothing in this Section shall prevent; (2) contributions of public funds to pension and insurance programs for the benefit of public employees;
In addition, we direct your attention to R.S. 42:851 which provides, in pertinent part, the following:
 § 851. Authority for employee benefit programs; payroll deduction for payment of premiums
 A. (1)(a) The State of Louisiana through the Board of Trustees of the State Employees Group Benefits Program, and each of its governmental and administrative subdivisions, departments, or agencies of the executive, legislative, or judicial branches, and the governing boards and authorities of each state university, college, or public elementary and secondary school system in this state are authorized to:
 (i) Procure private contracts of insurance covering their respective employees, officials, and department heads, or any class or classes thereof, and the dependents of such employees, officials, or department heads under a policy or policies of group health, accident, accidental death and dismemberment and hospital, surgical, or medical expense benefits;
 * * *
 (c)(i) Except as provided in item (ii) of this Subparagraph and except for those retirees who are not covered by medicare and who are qualified for coverage in accordance with rules and regulations of the State Employees Group Benefits Program, the contribution of the state shall not be less than fifty percent of the total premium paid out of funds contributed by the state.
 * * *
 E. Notwithstanding any provision of law or any rule or regulation to the contrary, the state of Louisiana shall continue to contribute its portion of the premium or charges due under this Section for which an employee is granted leave of absence without pay due to a service related injury or at the request of the agency for a period not to exceed twelve months. (Emphasis added.)
As can be gleaned from the above, and in answer to your first question, in a non-FMLA situation, the employer shall continue to contribute its share of the health insurance premiums on behalf of an employee who has been granted LWOP due to a service related injury or at the request of the employer, for a period not to exceed twelve months. We can find no authority for the employer to pay the employee's share under these circumstances.
You next ask whether it is legally permissible, in a FMLA situation, for the employer to pay the employer's and employee's share of health insurance premiums for an employee on LWOP status. In answer to your question, we refer you to Section 825.209(a) and (b) of the final U.S. Department of Labor Regulations promulgated pursuant to the FMLA. The Regulations require the employer to maintain the same level of the employee's coverage under any group health plan for the duration of the FMLA leave. Section 825.212(c) further provides:
 If coverage lapses because an employee has not made required premium payments, upon the employee's return from FMLA leave the employer must still restore the employee to coverage/benefits equivalent to those the employee would have had if leave had not been taken and the premium payment(s) had not been missed, including family or dependent coverage.
 In such case, an employee may not be required to meet any qualification requirements imposed by the plan, including any new pre-existing condition waiting period, to wait for an open season or to pass a medical examination to obtain reinstatement of coverage.
As a result of these FMLA mandates, the Board of Trustees (Board) of the State Employees Group Benefits Program (Program) implemented an Emergency Rule enacting Section 103(E) of the Louisiana Administrative Code. It provides the following:
 E. Family and Medical Leave Act (F.M.L.A.) Leave of Absence. An employee on approved F.M.L.A. leave may retain coverage for the duration of such leave. The participant employer shall pay the employer's share of the premium during F.M.L.A. leave, whether paid leave or leave without pay. The participant employer may pay the employee's share of the premium during unpaid F.M.L.A. leave, subject to reimbursement by the employee. (Emphasis added.)
Based on the above, it is the opinion of this office that an employer is required to pay its share of the health insurance premiums for an employee on LWOP during FMLA leave. Further, it may pay the employee's share of premiums. Section 825.210(c)(1)-(5) lists the various options available to the employer for obtaining payment from the employee of his or her share of the premium payments. I am enclosing a copy of this Regulation, marked "Exhibit A", for your reference and convenience.
In addition, Section 825.212(b) provides:
 (b) The employer may recover the employee's share of any premium payments missed by the employee for any FMLA leave period during which the employer maintains health coverage by paying the employee's share after the premium payment is missed.
Accordingly, if the employee returns to work, any premium payments advanced on his or her behalf by the employer should be repaid. It would appear that the method of, and time frame for, the repayment lies within the reasonable discretion of the employer. Further the terms of the repayment should not otherwise violate applicable Federal or State wage payment or other laws.
Section 825.213 constitutes the Regulation enabling the employer to recover the costs it incurred for maintaining insurance coverage during FMLA leave. In general, it provides that the employer may recover its share of health plan premiums advanced during a period of unpaid FMLA leave from an employee if the employee fails to return to work, unless the reason the employee does not return is due to (1) the continuation, recurrence, or onset of a serious health condition of the employee or the employee's family member which would otherwise entitle the employee to leave under FMLA or (2) other circumstances beyond the employee's control. I am enclosing a copy of Section 825.213, marked "Exhibit B", for your reference and convenience. Therein, you will find examples of the "circumstances beyond the employee's control". Please note Paragraph (f) which provides, in pertinent part, the following:
 (f) When an employee fails to return to work, any health and non-health benefit premiums which this section of the regulations permits an employer to recover are a debt owed by the non-returning employee to the employer. To the extent recovery is allowed, the employer may recover the costs through deduction of any sums due to the employee (e.g., unpaid wages, vacation pay, profit sharing, etc.), provided such deductions do not otherwise violate applicable Federal or State wage payment or other laws. Alternatively, the employer may initiate legal action against the employee to recover such costs.
Obviously, these alternatives are equally applicable to recoup the employer's payment of the employee's share. Sound business practice dictates that the employer exercise every reasonable means to recover its allowable costs. Failure to do so could constitute a violation of Article VII, Section 14 of the Louisiana Constitution of 1974.
You next ask whether COBRA responsibilities for state employers have been impacted because of FMLA mandates. As noted above, the FMLA imposes certain requirements on employers regarding coverage under group health plans for employees taking FMLA leave. The requirements pertaining to FMLA leave are administered through the U.S. Department of Labor, unlike COBRA which is established pursuant to the U.S. Internal Revenue Code. Accordingly, once an employee is terminated there is no requirement that the employer pay the COBRA premiums for that terminated employee and/or that employee's dependents. In this regard, I am enclosing a copy of Internal Revenue Bulletin 1994-51 (December 19, 1994), pp. 10-11, marked "Exhibit C", for your reference and convenience.
Finally, you ask whether it is legally permissible for the employer to pay the employer's and employee's share of life insurance premiums for an employee on LWOP status during FMLA leave. In answer to your question, we refer you to Section 825.215(d) which defines "Benefits" to include all benefits provided or made available to employees by an employer, including group life insurance.
Accordingly, if the employer was providing group life insurance benefits to the employee, the same rules would apply to those benefits as apply to group health benefits. Should the employer fail to pay the employee's share of the life insurance premiums and the employee returns to work within the FMLA time frame, the employer would be responsible for this coverage.
In this regard, it should also be noted that Section 825.213(b) limits the recovery of the payment of other benefits (e.g., life insurance, disability insurance, etc.) to the employer's share of any premiums whether or not the employee returns to work.
I trust I have been of some assistance in resolving your questions. You may also wish to contact representatives of the U.S. Department of Labor at (504) 589-6171 regarding FMLA, and the U.S. Internal Revenue Service at (202) 622-5000 regarding COBRA.
With kindest personal regards, I am
Very truly yours,
 RICHARD P. IEUYOUB Attorney General
 By: _______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj